ELKANA BUSH ET UX *v.* YOUNG & FAULKNER.

Judgment by Default—Petition Insufficient—Husband and Wife—Wife's Separate Estate.

It is alleged in the petition that the debt was created for lumber used in building a house on the land of the wife, and although it is alleged that she has a separate estate, it is not alleged that the house was built on land held by her as her separate estate, nor is it alleged whether her separate estate is real or personal, or where it is located. Held, that these allegations were too vague and uncertain to support a default judgment.

APPEAL FROM LINCOLN CIRCUIT COURT.

January 15, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought on a note executed by appellants, husband and wife, and seems to seek to subject the wife's separate estate to the payment thereof. But appellees give no description of the separate property of the wife sought to be subjected. It is alleged that the debt was created for lumber used in building a

house on the land of the wife, and although it is alleged that she has separate estate, it is not alleged that the house was built on land held by her as separate estate, nor is it alleged whether her separate estate is real or prsonal, or where it is located, or to be found.

With these vague, uncertain and insufficient allegations, the petition was taken for confessed, and the circuit judge rendered judgment for the debt, and ordered so much of Annie Bush's "*estate*" as may be necessary to pay plaintiffs' debt, interest and cost, to be sold, without designating who was to sell it, whether the master in chancery, the sheriff or whoever might take upon himself first to execute the judgment. No time, nor place, is fixed for the sale; whether it is to be made on a credit, or for cash in hand, is left to the prudent discretion of whoever may be called on, and adjudge himself worthy, and authorized to undertake to execute the judgment. But the discretion of the salesman does not stop here; he is to go out, and find what he may deem Mrs. Anna Bush's *estate,* separate or general, personal or real, and sell the same according to his own judgment of what is equitable and proper. Enough has been said to show that the judgment is erroneous, if not wholly void. Wherefore, the same is reversed, and the cause remanded, with directions to dismiss the petition as to Mrs. Bush, unless appellees should offer within reasonable time to amend the same, and for further proceedings consistent with this opinion.

*Bradleys, for appellants.*